[Civ. No. 3826.   Second Appellate District, Division One.—August 31, 1922.]

## A. CLAUDE BRADEN, Respondent, v. L. D. MITCHELL, Appellant.

[1] SALES—DESCRIPTION OF GOODS—ESTIMATED QUANTITIES—DEFICIENCY—DAMAGES.—Where a contract calls for the sale and delivery of certain goods which are described as "a certain salvage stock" from a designated firm, followed by an estimate of the quantities of the various articles, and the entire "certain salvage stock" is delivered, the vendee cannot recover damages for any deficiency in quantity of the items indicated in the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. S. Crail, Judge.   Reversed.

The facts are stated in the opinion of the court.

Clark, Law & Clay for Appellant.

Hahn & Hahn for Respondent.

CONREY, P. J.—Action to recover damages for failure of the defendant to deliver a part of certain personal property alleged to have been included in an agreement of sale. The plaintiff recovered judgment and the defendant appeals therefrom.

The court found that the defendant agreed to sell and deliver to the plaintiff, and the plaintiff agreed to purchase from the defendant, "a certain salvage stock consisting of the following approximate articles, to wit": the same being certain stated quantities of glass jars and other articles.

The court found that the defendant refused and failed to deliver to plaintiff certain items contained in that list.   Appellant contends that these findings are not sustained by the evidence.

[1]   The contract was in writing.   It described the property sold as follows: "a certain salvage stock from Willets

Relief from contract of sale because of over or under estimate of quantity by seller, note, 45 L. R. A. (N. S.) 243.

Meaning of "about" or "say about," with reference to quantity of goods covered by contract of sale, note, Ann. Cas. 1918D, 695.

& Green. The approximate amounts of said goods are as follows''; stating the quantities of the various articles. Overruling objections of the plaintiff, the court permitted the defendant to introduce testimony, and correspondence of the parties, for the purpose of establishing the actual intention of the parties, and then decided on the evidence that the facts were as above quoted from the findings. This evidence was immaterial to the issues presented if the contract was clear and certain in its terms. We find in the contract nothing that justified a resort to extraneous evidence for the purpose of interpreting the terms of the writing. On the written contract the question to be determined is whether or not the description of the property sold was such that the quantity was warranted. We are of the opinion that the sale was of a specific lot of salvaged goods, of which the probable amount was only estimated. Therefore, since the good faith of the vendor is not questioned, and since the entire ''certain salvage stock'' was delivered, the plaintiff cannot recover damages for any deficiency in quantity of the items indicated in the contract. The rule which should be applied here is stated in *Brawley* v. *United States,* 96 U. S. 168 [24 L. Ed. 622, see, also, Rosé's U. S. Notes], as follows: ''Where a contract is made to sell or furnish certain goods identified by reference to independent circumstances, such as an entire lot deposited in a certain warehouse, . . . and the quantity is named with the qualification of 'about,' or 'more or less,' or words of like import, the contract applies to the specific lot, and the naming of the quantity is not regarded as in the nature of a warranty, but only as an estimate of the probable amount, in reference to which good faith is all that is required of the party making it. In such cases, the governing rule is somewhat analogous to that which is applied in the description of lands, where natural boundaries and monuments control courses and distances and estimates of quantity.'' Taking the written contract as constituting the only material evidence on the principal fact in issue, it is not sufficient to sustain the finding on which the judgment rests.

The judgment is reversed.

Shaw, J., and James, J., concurred.